UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FLAT RIVER FARMS, LLC, ET AL. | CIVIL ACTION NO. 19-1249 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MRC ENERGY COMPANY | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM ORDER**

Before the Court is Defendant MRC Energy Company's ("MRC") Motion in Limine to Exclude Josh Rambo's Testimony (Record Document 102). MRC moves the Court pursuant to Federal Rules of Evidence 602 and 701 to exclude Josh Rambo's ("Rambo") testimony as a lay witness. MRC further seeks an order that Rambo's deposition not be referred to or entered into evidence and to prevent any documents Rambo produced from being entered into evidence. Plaintiffs Flat River Farms, LLC, Frank J. Raley, Teresa L. Raley, Northwest Louisiana Carters, LLC, and Gibbs Company, LLC oppose the motion and submit that Rambo's testimony emanates from firsthand knowledge and that such testimony is permissive under Rule 701. See Record Document 112. The defense replied, again maintaining that Rambo is an improper lay witness. See Record Document 115.

This case arises out of an oil and gas royalty dispute between Plaintiffs and MRC. Plaintiffs assert claims under Louisiana Revised Statute 31:137 for alleged underpayment of royalties. Plaintiffs have identified Josh Rambo as a witness in this matter. See Record Document 100 at 2. In the Joint Witness List, Plaintiffs state:

> Josh Rambo is an experienced landman in the area, specializing in valuation. Mr. Rambo prepared the spreadsheet shown as Exhibit No. 7. He will testify as to the preparation of said spreadsheet and his factual

>observations and first hand knowledge gleaned from the preparation of such.

Id.  There is no dispute that Josh Rambo is a lay witness and has not been identified as an expert witness.  MRC seeks his exclusion on the ground that Rambo has no personal knowledge of any facts at issue in this matter.

>Federal Rule of Evidence 602 provides:
>
>>A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703.

Fed. R. Evid. 602.  "Rule 602 of the Federal Rules of Evidence requires a submitting party to lay a proper foundation that witnesses have personal knowledge of the matter about which they will testify."  Chevron TCI, Inc. v. Capitol House Hotel Manager, LLC, 541 F. Supp. 3d 687, 692 (M.D. La. 2021).  Federal Rule of Evidence 701 states:

>If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
>>(a) rationally based on the witness's perception;
>
>>(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
>>(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.  Under Rule 701, "a lay opinion must be based on personal perception, must be one that a normal person would form from those perceptions, and must be helpful to the jury."  United States v. Riddle, 103 F.3d 423, 428 (5th Cir. 1997).

>Rambo's testimony fails these requirements.  Plaintiffs argue Rambo's testimony emanates from firsthand knowledge.  More specifically, they submit:

> Years of accrued royalty was owed to the Plaintiffs, having been held in suspense pending a prior lawsuit. Upon the release of those fund[s] from suspense, Plaintiffs suspected a significant underpayment based on the amounts received. Josh Rambo was engaged to assist in determining whether Plaintiffs had indeed been underpaid. In doing so he reviewed the Detail Suspense Register provided by MRC, comparing the values therein to the Henry Hub price for natural gas as published on the NYMEX.
>
> MRC's statements are not hearsay. . . . Josh Rambo did not acquire information of this matter from hearsay or secondhand sources. Instead, he reviewed the information firsthand, and distilled it into a comprehensive and helpful format. Not only does Josh Rambo have personal knowledge of the Plaintiffs' claims against MRC—he discovered them.

Record Document 112 at 3. This scenario does not render Rambo's testimony permissive under Rules 602 or 701, as Plaintiffs cannot law a proper foundation that he has personal knowledge as contemplated by the Federal Rules of Evidence. Plaintiffs hired Rambo because of his experience as a landman specializing in valuation. His perceptions are not based on his personal experience with the instant matter or his personal knowledge of this matter, i.e., what he heard or saw. Rather, his knowledge was gleaned from his later review of documents. His analysis of data and the creation of the comprehensive spreadsheet does not equate to personal knowledge as required by Rules 602 and 701. Rambo has no firsthand knowledge of the facts of this case, is not a proper lay witness, and his testimony would be impermissible expert opinion. Thus, MRC's Motion in Limine to Exclude Josh Rambo's Testimony (Record Document 102) is **GRANTED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana on this 19th day of July, 2024.

_____
United States District Judge