UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

FLAT RIVER FARMS, LLC, ET AL.          CIVIL ACTION NO. 19-1249

VERSUS                                  JUDGE S. MAURICE HICKS, JR.

MRC ENERGY COMPANY                      MAGISTRATE JUDGE MCCLUSKY

**MEMORANDUM ORDER**

Before the Court is Defendant MRC Energy Company's ("MRC") Motion in Limine to Exclude Witnesses and Exhibits Not Disclosed in the Pretrial Order or Before the Discovery Deadline (Record Document 103). MRC moves the Court pursuant to Federal Rule of Civil Procedure 37[1] for an order excluding witnesses and exhibits that were not produced prior to the discovery deadline or not specifically listed by Plaintiffs Flat River Farms, LLC, Frank J. Raley, Teresa L. Raley, Northwest Louisiana Carters, LLC, and Gibbs Company, LLC in the Pretrial Order. See id. Plaintiffs oppose the motion and submit that they properly disclosed all witnesses and that MRC's motion attacks exhibits not listed by Plaintiffs. See Record Document 111. The defense replied, maintaining that

---

[1] Rule 37(b)(2) provides in pertinent part:

(A)   For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending *may* issue further just orders.  They *may* include the following:

. . .

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.

. . .

Fed. R. Civ. P. 37(b)(2) (emphasis added).

Plaintiffs were obligated to supplement their discovery responses when they learned Armstrong would be the specific corporate witness on behalf of Chesapeake. See Record Document 116.

This case arises out of an oil and gas royalty dispute between Plaintiffs and MRC. Plaintiffs assert claims under Louisiana Revised Statute 31:137 for alleged underpayment of royalties. The instant motion focuses on the testimony of Plaintiffs' will call witness Steve Armstrong ("Armstrong"), the corporate representative of Chesapeake Energy Corporation. Record Document 100 (Joint Witness List) at 3. In the Joint Witness List, Plaintiffs state that Armstrong "is a Revenue Audit Specialist at Chesapeake Energy Corporation" and "will testify as to the marketing, valuation, and pricing of the proceeds of production paid under the Lease to MRC, and the suspended royalty amounts." Id. Plaintiffs further explain that Armstrong "is the curator and custodian of revenue and production accounting records for wells operated by Chesapeake Energy Corporation, and will testify in the authentication of those records." Id. Plaintiffs submit that "Armstrong will testify to all areas of examination set forth under his affidavit filed in the record in this matter [in conjunction with Plaintiffs' opposition to MRC's Motion for Summary Judgment] (Record Document 92-3)." Id. As noted in the instant motion and in the Joint Witness List, MRC objects to the testimony of Armstrong because he was not disclosed prior to the close of discovery in violation of Federal Rule of Civil Procedure 26(a).[2] See id. In

---

[2] Rule 26(a)(1)(A)(i) provides:

> Initial Disclosure.
> (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with

addition, MRS objects to the affidavit because it was not produced until well after the close of discovery and submits that it should be excluded under Federal Rule of Civil Procedure 16(f).[3] See id.

Plaintiffs note that throughout the course of this litigation (as early as November 2019), they have always listed "employees or agents of Chesapeake Operating, Inc." as individuals with potentially discoverable information. See Record Document 111 at 1. MRC's initial disclosures likewise listed "employees or agents of Chesapeake Operating, Inc." Id. In their May 2020 and November 2022 Witness Lists, Plaintiffs listed as potential witnesses:

> Employees or agents of Chesapeake Operating, Inc. . . . deemed through discovery to have relevant information regarding this matter, including the pricing, marketing, and allocation of costs of minerals produced under the Lease held by Defendant.

Id. at 1-2. Defense witness lists submitted also identified employees or agents of Chesapeake Operating, Inc. as potential witnesses with respect to the exploration and marketing or minerals at issue. See id. at 2. It is clear that throughout the long course of

---

> the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(i).

[3] Rule 16(f) provides that "[o]n motion or on its own, the court **may** issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

    (A)    fails to appear at a scheduling or other pretrial conference;

    (B)    is substantially unprepared to participate—or does not participate in good faith—in the conference; or

    (C)    fails to obey a scheduling or other pretrial order."

Fed. R. Civ. P. 16(f) (emphasis added).

this litigation that all counsel contemplated that a Chesapeake Operating, Inc. employee would testify regarding the aforementioned subject matter.

Here, Chesapeake Energy Corporation ("Chesapeake") is not a party to the instant matter.  Plaintiffs could not designate the agent/corporate representative that Chesapeake would make available for deposition or to have present at trial.  The burden of identifying a responsive witness for a corporation rests on the corporation.  See Resol. Tr. Corp. v. S. Union Co., 985 F.2d 196, 197 (5th Cir. 1993).  Moreover, MRC learned of the Armstrong affidavit in December 2023 and raised the issues regarding Armstrong as a witness in the instant motion on January 25 2024.  On January 29, 2024, the March 2024 jury trial date in this matter was vacated.  See Record Document 105.  Magistrate Judge McClusky held multiple status conferences in February and March 2024, resetting the jury trial date for August 26, 2024 and also discussing pending motions.  See Record Documents 109, 123.  With the five month trial delay, MRC had ample opportunity to resolve the issues raised – and any potential prejudice – by seeking leave to depose Armstrong.  The rules invoked by MRC – Rules 16(f) and 37(b)(2) – are permissible and call on the Court's discretion.  In this instance, the Court does not believe exclusion of Armstrong as a witness is warranted.  Armstrong's affidavit is not an exhibit.  See Record Document 111 at 4.  However, the documents underlying the information set forth in the affidavit (Record Document 92-2 at 3-19) and which appear to be listed as Plaintiffs' Exhibits 13-19 in the Exhibit List (Record Document 99) are, at this stage, admissible for the reasons set forth above.[4]  Thus, MRC's Motion in Limine to Exclude Witnesses and

---

[4] Plaintiffs represent in their opposition that "all of [these] documents were provided to MRC well in advance of the end of discovery."  Record Document 111 at 4.  Counsel for Plaintiffs submits that he provided such documents to MRS by email on June 22, 2023.  See id.

Exhibits Not Disclosed in the Pretrial Order or Before the Discovery Deadline (Record Document 103) is **DENIED**.

      **IT IS SO ORDERED.**

      **THUS DONE AND SIGNED**, in Shreveport, Louisiana on this 24th day of July, 2024.

                                                        _____
                                                      United States District Judge