UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

FLAT RIVER FARMS, LLC, ET AL.                CIVIL ACTION NO. 19-1249

VERSUS                                        JUDGE S. MAURICE HICKS, JR.

MRC ENERGY COMPANY                            MAGISTRATE JUDGE MCCLUSKY

**MEMORANDUM ORDER**

Before the Court is a Motion in Limine to Exclude the Testimony of Anton Langland ("Langland") (Record Document 104) filed by Plaintiffs Flat River Farms, LLC, Frank J. Raley, Teresa L. Raley, Northwest Louisiana Carters, LLC, and Gibbs Company, LLC. Plaintiffs seek an order excluding the testimony of Langland as the corporate representative of Defendant MRC Energy Company ("MRC"), and any testimony by him regarding his knowledge of MRC's "marketing and selling of gas." Id. MRC opposed the motion. See Record Document 107. Plaintiffs replied. See Record Document 124.

This case arises out of an oil and gas royalty dispute between Plaintiffs and MRC. Langland is designated as a corporate representative of MRC with knowledge of "Defendant's marketing and selling of gas." Record Document 104, citing Record Document 100 (Joint Witness List). Plaintiffs seek to exclude Langland on the ground that he was not produced by MRC for its Rule 30(b)(6) deposition. MRC produced Kathy Wayne and Nicholas Weeks as its designated corporate representatives and Plaintiffs contend that the withholding of Langland as a designated corporate representative was inequitable and "deprived [them] the opportunity to take his deposition as the corporate representative of MRC." Record Document 104 at 1.

The Court declines to exclude Langland as a witness. There was no insufficiency on the part of MRC in responding with two people designated as its Rule 30(b)(6) corporate representatives. MRC has consistently identified Langland as an individual possessing pertinent knowledge. He was always available as a witness. Yet, Plaintiffs made no attempt or effort to take his deposition. Merely because Langland was not designated as a corporate representative under Rule 30(b)(6) does not preclude him from testifying at trial as to fact witness, as he was timely and properly disclosed. Thus, Plaintiffs' Motion in Limine to Exclude the Testimony of Anton Langland (Record Document 104) is **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana on this 29th day of July, 2024.

_____
United States District Judge