UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FLAT RIVER FARMS, LLC, ET AL. | CIVIL ACTION NO. 19-1249 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MRC ENERGY COMPANY | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM ORDER**

Before the Court are two motions relating to witnesses for the upcoming bench trial set in the above-captioned matter. See Record Documents 161 & 165. The first motion is entitled "Motion to Exclude Testimony of Unnamed Witnesses" and was filed by Defendant MRC Energy Company ("MRC"). See Record Document 161. The second motion is entitled "Motion to Quash Plaintiffs' Subpoenas to Appear and Testify at Trial" and was filed by non-parties, Chesapeake Operating, L.L.C. and Chesapeake Energy Marketing, L.L.C. ("Chesapeake"). See Record Document 165.

**Motion to Exclude Testimony of Unnamed Witnesses (Record Document 161)**

Out of an abundance of caution and in light of subpoenas recently issued by Plaintiffs, MRC moves the Court to exclude the testimony of any unnamed and unidentified representatives of Chesapeake. See Record Document 161-1 at 1. MRC argues the subpoenas are not only procedurally invalid, but also seemingly attempt to circumvent discovery deadlines and inject undisclosed witnesses into the trial. See id. In response, Plaintiffs contend the motion is speculative and aimed at excluding witnesses that Plaintiffs have not named. See Record Document 167.

On December 18, 2024, as required by the Court's order (Record Document 159), Plaintiffs filed their Final Will Call Witness List. Steve Armstrong is listed as the corporate

representative of Chesapeake Energy Corporation. No other Chesapeake witness is identified. Plaintiffs will be bound by this list.[1] Accordingly, the Motion to Exclude Testimony of Unnamed Witnesses (Record Document 161) is **DENIED AS MOOT**.

**Motion to Quash Plaintiffs' Subpoenas to Appear and Testify at Trial (Record Document 165)**

Chesapeake moves to quash Plaintiffs' trial subpoenas and award Chesapeake attorneys' fees and costs associated with the preparation and filing of the instant motion. See Record Document 165-1 at 1. Chesapeake submits that both subpoenas[2] are improper under Federal Rule of Civil Procedure 45 because they seek testimony from corporate entities.

Rule 45(c) provides that a "subpoena may command a person to attend a trial, hearing or deposition . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person" or "within the state where the person resides, is employed, or regularly transacts business in person, if the person is (i) a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." FED. R. CIV. P. 45(c)(1). Pursuant to Rule 45(d)(3), the court for the district where compliance is required must quash or modify a subpoena that "requires a person to comply beyond the geographical limits specified in Rule (45)(c)." FED. R. CIV. P. 45(d)(3)(A). "There is no rule requiring that a corporate designee testify 'vicariously' at trial." Matherne v. Huntington Ingalls Inc., No. CV 22-2656, 2024 WL 707698, at *1–2

---

[1] In its reply, MRC states that it is not attempting to prevent the testimony of Steve Armstrong or any other witnesses properly and timely identified. See Record Document 168 at 1.

[2] The subpoenas were issued on November 21, 2024 and subpoenaed Chesapeake Operating, L.L.C. and Chesapeake Energy Marketing, L.L.C. to appear and testify at the trial of this matter on January 6, 2025. See Record Document165-2.

(E.D. La. Feb. 21, 2024), citing Brazos River Authority v. GE Ionics, Inc., 469 F.3d 426, 434 (5th Cir. 2006). "While Rule 30(b)(6) specifically contemplates that a party may serve a subpoena on a corporation who must then designate a representative to testify, the rule applies only to discovery depositions, not trial testimony." Matherne, 2024 WL 707698, at *2. Thus, "Rule 30(b)(6) may not be used in conjunction with Rule 45 to serve a subpoena on a corporation for purposes of securing trial testimony without naming a particular individual, and Rule 45 does not contemplate service of a trial subpoena on a corporate entity." Id.

Based on this case law, it is clear that Plaintiffs' subpoenas are improper because the Federal Rules of Civil Procedure do not permit a party to subpoena corporate entities to testify at trial. The Motion to Quash Plaintiffs' Subpoenas to Appear and Testify at Trial (Record Document 165) is **GRANTED**. Additionally, counsel for Chesapeake contacted Plaintiffs' counsel on November 26, 2024 to confer regarding the subpoenas. See Record Document 165-3 at 1-2. Counsel also sent the case law indicating that Rule 45 subpoenas must be directed to individuals, not corporate entities. See id. On December 6, 2024, Plaintiffs' counsel responded, "We are unable to voluntarily withdraw the subpoenas at this time." Id. at 1. The Motion to Quash followed on December 13, 2024.

> Rule 45(d)(1) provides:
>
> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction-- which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

FED. R. CIV. P. 45(d)(1). Here, the Court finds Plaintiffs' counsel failed to take reasonable steps to avoid undue burden or expense. Thus, Chesapeake's request for

attorneys' fees and costs associated with the preparation and filing of the instant motion is **GRANTED**. Within 28 days of the date of this Memorandum Order, Chesapeake shall submit a motion and accompanying affidavit setting forth the attorneys' fee and costs associated with the preparation and filing of the instant motion.

    **IT IS SO ORDERED.**

    **THUS DONE AND SIGNED**, in Shreveport, Louisiana on this 19th day of December, 2024.

    _____
    United States District Judge