# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| FLAT RIVER FARMS, LLC, ET AL. | CIVIL ACTION NO. 19-1249 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MRC ENERGY COMPANY | MAGISTRATE JUDGE MCCLUSKY |

## MEMORANDUM ORDER

Before the Court is Plaintiffs' Motion to Reconsider (Record Document 174) the Court's December 19, 2024, Memorandum Order (Record Document 169) granting the Motion to Quash Plaintiffs' Subpoenas to Appear and Testify at Trial filed by Chesapeake in this matter. First, Plaintiffs submit that it was error for the Court to rule on Chesapeake's Motion to Quash without given them an opportunity to be heard. See Record Document 174-1 at 2-3. Second, Plaintiffs maintain that Chesapeake's Motion to Quash relied on non-binding caselaw. See id. at 3-5.

The Motion to Quash was filed on December 13, 2024. A notation in the record indicates that the motion was referred to the undersigned on that same date. However, the transfer notation was not entered in the record until December 18, 2024. It is this Court's general practice to act on motions transferred to Chambers within forty-eight hours. Additionally, the Court notes that counsel for Plaintiffs never inquired with Chambers as to the setting of briefing deadlines. Notwithstanding, the Court will **GRANT** the instant motion and consider Plaintiffs' arguments relating to non-binding caselaw as their opposition to the Motion to Quash. Due to the January 6, 2025 bench trial date set in this matter, the Court is simply unable to permit any further briefing on the issue. The Court will also **VACATE** its order granting Chesapeake's request for attorneys' fees and costs.

Again, Rule 45(c) provides that a "subpoena may command a **person** to attend a trial, hearing or deposition . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person" or "within the state where the person resides, is employed, or regularly transacts business in person, if the person is (i) a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." FED. R. CIV. P. 45(c)(1) (emphasis added). The subpoenas at issue were issued on November 21, 2024 and subpoenaed Chesapeake Operating, L.L.C. and Chesapeake Energy Marketing, L.L.C. to appear and testify at the trial of this matter on January 6, 2025. See Record Document165-2.

This Court's December 19, 2024 ruling relied upon Matherne v. Huntington Ingalls Inc., No. CV 22-2656, 2024 WL 707698, at *1-2 (E.D. La. Feb. 21, 2024), for the following legal principle:

> "While Rule 30(b)(6) specifically contemplates that a party may serve a subpoena on a corporation who must then designate a representative to testify, the rule applies only to discovery depositions, not trial testimony. Thus, Rule 30(b)(6) may not be used in conjunction with Rule 45 to serve a subpoena on a corporation for purposes of securing trial testimony without naming a particular individual, and Rule 45 does not contemplate service of a trial subpoena on a corporate entity.

Record Document 169 at 3, citing Matherne, 2024 WL 707698, at *1-2. While Matherne is not binding precedent, this Court is free to consider it as persuasive authority. Additionally, the Court further points to Hill v. National R.R. Passenger Corp., CIV. A. No. 88-5277, 1989 WL 87621, *1 (E.D.La. July 28, 1989), as additional persuasive authority. In Hill, the court quashed a trial subpoena issued to the "National Railroad Passenger Corporation" through an agent for service. Id. at *1. Amtrak argued that a corporation could not be served in this fashion for trial, while plaintiff maintained there was no specific

prohibition in the Federal Rules against compelling the attendance of a corporation at a trial through the use of a Rule 30(b)(6) type subpoena. See id. The court concluded:

> Rule 30(b)(6) specifically applies to the deposition of a corporation. Rule 45 of the Federal Rules of Civil Procedure provides the proper procedure by which a person may be compelled to testify at a trial. There is no provision allowing the use of the 30(b)(6)-type designation of areas of inquiry or allowing service on a corporation through an agent for service of process in order to compel a particular person, who may be a corporate employee outside the subpoena power of the court, to testify at the trial. Further, plaintiff has not pointed the Court to any specific authority allowing such a procedure nor has the Court found any authority supporting the plaintiff's position.

Id.[1] Based on the foregoing, the Court declines to reconsider its order granting the Motion to Quash and the Motion to Reconsider is **DENIED** on this ground.

Plaintiffs have listed Steve Armstrong, corporate representative of Chesapeake Energy Corporation, as a will call witness. It appears that Plaintiffs were relying on the subpoenas at issue to secure Steve Armstrong's presence at trial. Again, Chesapeake is not a party to this matter. Steve Armstrong has been deposed and counsel shall be prepared to discuss on Monday, January 6, 2025, the potential use of the deposition in lieu of live testimony if Steve Armstrong does not appear.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana on this 30th day of December, 2024.

_____
United States District Judge

---

[1] In Conyers v. Balboa Ins. Co., plaintiffs served upon counsel for Balboa a subpoena to the "Corporate Representative of Balboa Insurance Company with the most knowledge as to the affirmative defenses, discovery responses, claim denial and selection of engineers." No. 8:12-CV-30-T-33EAJ, 2013 WL 2450108, at *1 (M.D. Fla. June 5, 2013). Balboa Insurance Company ("Balboa") moved to quash the subpoena. After consideration of the parties' arguments and an evaluation of Rule 45, the court determined that Balboa had to comply with the subpoena by producing its corporate representative at trial. See id. at *2. However, Conyers, and the two cases cited within Conyers as persuasive support, addressed a motion seeking to quash the subpoena issued to a party, not a third-party such as Chesapeake. The Court finds such difference to be a critical distinguishing factor.